**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRIAN LAKEITH ROWE,<br><br>    Petitioner<br><br>v.<br><br>WARDEN DAVID ORTIZ,<br><br>    Respondent | **Civil Action No. 19-17371(RMB)**<br><br><br>**OPINION** |

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable here under Rule 1, scope of the rules,

> the clerk must promptly forward the petition to a judge … and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

For the reasons discussed below, the Court lacks jurisdiction over the petition.

I.   THE PETITION

Petitioner, presently confined in the Federal Correctional Institution in Fort Dix, New Jersey, is challenging his conviction and sentence imposed on December 1, 2010 by the United States District Court, Northern District of Florida. (Mem. of Law, ECF No. 1-1.) According to Petitioner, on August 11, 2010, a jury in the United States District Court, Northern District of Florida returned a guilty verdict against him for conspiracy to possess with intent to distribute five or more kilograms of cocaine. (Id. at 1.) On December 1, 2010, the sentencing court adopted the findings in Petitioner's Presentence Investigation Report, over Petitioner's objections, and imposed a bottom of the recommended Guidelines range sentence, 360 months followed by a 60-month term of supervised release. (Id. at 2.)

Petitioner appealed to the Eleventh Circuit Court of Appeals, which affirmed Petitioner's conviction and sentence on August 11, 2011. (Id.) The Supreme Court denied certification on January 9, 2012. (Id.) Petitioner filed a motion under 28 U.S.C. § 2255 and it was denied on November 6, 2015, and he was not granted a certificate of appealability. (Id.)

Petitioner contends that jurisdiction exists under § 2241 where 28 U.S.C. § 2255 is inadequate or ineffective to challenge his conviction or sentence because "the U.S. District Court of

Florida denied Rowe's 28 U.S.C. § 2255 motion and also denied Rowe's C.O.A." (Pet., ECF No. 1, ¶10(c)).

Petitioner asserts the following grounds for relief in his memorandum of law in support of his petition: (1) pursuant to Amendment 794 to U.S.S.G. § 3B1.2, Petitioner should have been considered for an adjustment to the offense level for a mitigating role in the offense; (2) Petitioner's offense level was erroneously enhanced by two points for possession of a firearm in connection with the offense; (3) the sentencing court imposed a procedurally and substantively unreasonable sentence over Petitioner's objections to the Presentence Investigation Report; (4) "Section 404(b) [of the First Step Act of 2018] gives the Court jurisdiction to 'impose' a reduced sentence under Apprendi and Alleyne each of the subsections of sections 841(b)(1), with it's [sic] associated drug quantities and sentencing range, is a separate crime;" (5) Petitioner is eligible for the compassionate release provisions of the First Step Act. (Mem. of Law in Supp. of Pet., ECF No. 1-1.)

II. DISCUSSION

Congress enacted 28 U.S.C. § 2255 to replace traditional habeas corpus under § 2241 for federal prisoners, for the purpose of allowing prisoners to file motions seeking collateral review of their sentences in the sentencing court rather than in the district of confinement. Bruce v. Warden Lewisburg, 868 F.3d 170, 178 (3d Cir. 2017). A federal prisoner must seek collateral review of his

3

conviction or sentence under § 2255, unless the prisoner can establish that the saving clause of § 2255(e) is applicable. Bruce, 868 F.3d at 178. The saving clause applies when the remedy by motion under § 2255 is inadequate or ineffective to test the legality of a prisoner's sentence. Id. (citing § 2255(e)).

In 1996, Congress added significant gatekeeping provisions to 2255, restricting second or successive § 2255 motions solely to instances of "newly discovered evidence" or "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. at 179 (quoting § 2255(h)). Congress did not address how a prisoner could raise on collateral review a claim that the federal criminal statute under which he was convicted has since been interpreted more narrowly. Bruce, 868 F.3d at 179. Thus, the Third Circuit determined that "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241." Id. (quoting In re Dorsainvil, 119 F.3d at 251.)

To proceed under § 2241, two conditions must be met: (1) a prisoner must assert a claim of actual innocence because he is detained for conduct subsequently rendered non-criminal by an intervening Supreme Court precedent that, as found by the Third

Circuit, applies retroactively in cases on collateral review; and (2) the prisoner must be barred from challenging the legality of his conviction under § 2255; in other words, the prisoner "'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.'" Cordaro v. United States, 933 F.3d 232, 239 (3d Cir. 2019) (quoting In re Dorsainvil, 119 F.3d at 252.)

Petitioner does not rely on an intervening Supreme Court case made retroactively applicable on collateral review by the Third Circuit that renders the conduct of conviction non-criminal. Petitioner cannot bring his challenges to the sentencing court's Guidelines calculation under § 2241 on the basis that he was denied relief on direct review and in his § 2255 proceeding. See Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017) ("[Section] 2255's savings clause provides a safety valve for actual innocence, but without short-circuiting § 2255's gatekeeping requirements.")

Furthermore, this Court lacks jurisdiction over Petitioner's claims under the First Step Act. Petitioner must seek relief in his sentencing court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and also for retroactive application of the 2010 Fair Sentencing Act pursuant to Section 404(b) of the First Step Act. See Alexis v. Ortiz, Civ. No. 19-1085(RBK), 2019 WL 2367034, at *2 (D.N.J. June 5, 2019) (district court lacks jurisdiction

5

under § 2241 to modify a sentence based on compassionate release under 18 U.S.C. § 3582(c)(1)(A)); see e.g. United States v. Hawkins, Crim. No. 323-05(KSH), 2019 WL 3297497, at *15 (D.N.J. July 23, 2019) (finding that the petitioners were eligible to move for reduced sentences in the sentencing court under Section 404 of the First Step Act).

III. CONCLUSION

For the reasons discussed above, the Court dismisses the petition for lack of jurisdiction without prejudice to Petitioner bringing his First Step Act claims in his sentencing court.

An appropriate Order follows.

Date: **October 10, 2019**

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**